Of Counsel:
CLAY CHAPMAN IWAMURA PULICE & NERVELL

CARLOS D. PEREZ-MESA, JR.        #5448
Topa Financial Center
700 Bishop Street, Suite 2100
Honolulu, Hawai'i 96813
Telephone: (808) 535-8400
Facsimile: (808) 535-8446
E-mail: cperez-mesa@paclawteam.com

Attorney for Defendant-Intervenor
UNITED SERVICES AUTOMOBILE ASSOCIATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| OLYMPUS INSURANCE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>CARA BARBER; OHANA MILITARY COMMUNITIES, LLC; FOREST CITY RESIDENTIAL MANAGEMENT, INC.,<br><br>Defendants.<br>and<br><br>UNITED SERVICES AUTOMOBILE ASSOCIATION,<br><br>Defendant-Intervenor. | CIVIL NO. 17-00254 HG-KSC<br>(Declaratory Judgment)<br><br>DEFENDANT-INTERVENOR UNITED SERVICES AUTOMOBILE ASSOCIATION'S RESPONSE IN SUPPORT OF ITS MOTION TO INTERVENE, FILED MARCH 23, 2018; DECLARATION OF CARLOS D. PEREZ-MESA, JR.; EXHIBITS "D" AND "E"; CERTIFICATE OF SERVICE<br><br><u>HEARING</u>:<br>Date: May 3, 2018<br>Time: 10:00 a.m.<br>Judge: Honorable Kenneth J. Mansfield |

**DEFENDANT-INTERVENOR
UNITED SERVICES AUTOMOBILE ASSOCIATION'S RESPONSE
IN SUPPORT OF MOTION TO INTERVENE, FILED MARCH 23, 2018**

663896/2142.009

Comes now UNITED SERVICES AUTOMOBILE ASSOCIATION also known as USAA ("Movant"), by and through its attorneys, Clay Chapman Iwamura Pulice & Nervell, and hereby submit its Response in support of its Motion to Intervene in this case as an interested party as the insurance carrier of Defendant CARA BARBER ("Barber").

To date, there is no opposition to this motion. In fact, Plaintiff OLYMPUS INSURANCE COMPANY ("Plaintiff") conceded on page two of its Response to this Motion that "to the extent that USAA is also an insurer for Barber, USAA **meets the criteria for intervention under FRCP 24(a) and/or 24 (b), and Olympus has no objection to the proposed intervention."** (emphasis added). On page three of their Response, Plaintiff reiterated that USAA is entitled to intervene in this action: "[N]evertheless, due to the ongoing nature of the internet publications at issue, **USAA's coverage is potentially implicated by allegations against Barber in the underlying action, and as such, USAA is entitled to intervene in this declaratory relief action as a subsequent insurer for Barber."** (emphasis added).

Subsequent to the filing of this motion, Movant became aware that USAA's Umbrella Liability Policy is **not** in excess to Plaintiff's Policy. Plaintiff is correct that USAA's Umbrella Liability Policy covers the policy period commencing from September 2, 2016 to September 2, 2017, which effectively began once the Barber's

cancelled their Olympus insurance policy.  *See the certified copy of the applicable USAA Umbrella Liability Policy attached hereto as Exhibit "D"*.

USAA also issued an underlying Homeowner's Policy to Barber, in addition to the Umbrella Liability Policy, covering September 2, 2016 to September 2, 2017. *See the certified copy of the applicable USAA Homeowner's policy attached hereto as Exhibit "E"*.  Movant concedes that **after** Barber cancelled the Olympus policy, it issued a Homeowner's Policy to Barber as well as an Umbrella Liability Policy.

In light of the fact that there is no opposition to this motion and for the reasons set forth in its Motion to Intervene and arguments above, Movant respectfully requests that this Court allows it to intervene as a right under FRCP Rule 24(a) or, in the alternative, permissive intervention under FRCP Rule 24(b).

DATED:  Honolulu, Hawai'i, March 23, 2018.

/s/ CARLOS D. PEREZ-MESA, JR.
CARLOS D. PEREZ-MESA, JR.
Attorney for Defendant-Intervenor
UNITED SERVICES AUTOMOBILE ASSOCIATION

3