IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| Olympus Insurance Company, | ) Civ. No. 17-CV-00254 HG-KJM |
| Plaintiff, | ) MEMORANDUM IN SUPPORT<br>) OF MOTION |
| vs. | ) |
| Cara Barber; Ohana Military<br>Communities, LCC; Forest City<br>Residential Management, Inc., | ) |
| Defendants. | ) |

## MEMORANDUM IN SUPPORT OF MOTION

### I.   INTRODUCTION

There is simply no jurisdiction here. Despite its Washington-sounding name, Plaintiff Olympus is a Florida-based entity. Defendant Barber is a citizen of Florida as well. Defendant USAA is a reciprocal insurance exchange—i.e. an unincorporated Association with members in all 50 states, including Florida. Thus, there is no diversity of citizenship and this case must be dismissed.

### II.   Relevant Facts

The Following facts are undisputed. Plaintiff Olympus, located in Florida, brought this case against Barber, who is also citizen of Florida. See Complaint for Declaratory Relief, attached hereto as Exhibit 1. USAA sought to intervene as a defendant, and Olympus did not oppose the request and the request was granted on

April 11, 2018. See Exhibit 2, Doc 47, in this case: "Given the lack of any opposition as to USAA's request to intervene, the Court GRANTS the Motion." USAA is reciprocal insurance exchange made up of its members who are citizens and residents of all 50 states, including Florida. Thus, there is no complete diversity of citizenship[1] and ergo no jurisdiction for this court to hear this case.

### III.    Standard

Rule 12(b)(1) governs challenges to the Court's subject matter jurisdiction. "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." Home Builders Ass'n of Miss., Inc. v. City of Madison, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting Nowak v. Ironworkers Local 6 Pension Fund, 81 F.3d 1182, 1187 (2d Cir. 1996)). "Courts may dismiss for lack of subject matter jurisdiction on any one of three bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." Clark v. Tarrant County, 798 F.2d 736, 741 (5th Cir. 1986) (citing Williamson v. Tucker, 645 F.2d 404, 413 (5th Cir. 1981)). Furthermore, the plaintiff bears the burden of demonstrating that subject matter jurisdiction exists. See Dow Agrosciences, LLC v. Bates, 332 F.3d 323, 326 (5th Cir. 2003).

---

[1] Indeed, Olympus does not even allege diversity as the basis for jurisdiction in its Complaint. It simply cites to the Federal declaratory relief statute 28 USC Sec. 2201. However, that statute plainly provides that jurisdiction is a perquisite for issue of declaratory relief: "In a case of actual controversy **within its jurisdiction**. . . the federal courts may provide declaratory relief." Here, there simply isn't jurisdiction. Olympus can avail itself of Hawaii's declaratory relief statute if it so chooses.

When examining a factual challenge to subject matter jurisdiction under Rule 12(b)(1) that does not implicate the merits of plaintiff's cause of action, the district court has substantial authority "to weigh the evidence and satisfy itself as to the existence of its power to hear the case." Garcia v. Copenhaver, Bell & Assocs., 104 F.3d 1256, 1261 (11th Cir. 1997); *see also* Clark, 798 F.2d at 741. Accordingly, the Court may consider matters outside the pleadings, such as testimony and affidavits. *See Garcia*, 104 F.3d at 1261. Moreover, a court's dismissal of a case for lack of subject matter jurisdiction is not a decision on the merits, and the dismissal does not prevent the plaintiff from pursuing the claim in another forum. *See,* Hitt v. City of Pasadena, 561 F.2d 606, 608 (5th Cir. 1977).

## IV.   Discussion

Given that this case is s dispute between two Florida Combatants (Olympus and Barber) and Defendant USAA, a reciprocal insurance exchange that has members in Florida, it should have been brought in State Court in Hawaii or Florida, but not in Federal Court in Hawaii.

As in this case, the Plaintiff in Isidore v USAA, 2009 U.S. Dist LEXIS 51410 (E.D. La. 2009) mistakenly assumed USAA is a Texas entity. It is not, as numerous Courts have held:

> To determine the citizenship of an artificial entity, other than a corporation, a court must consider "each of the entity's constituent members." Temple Drilling, Co. v. Louisiana Ins. Guar. Ass'n, 946 F.2d 390, 393 (5th Cir. 1991) (citing Carden v. Arkoma Assocs., 494 U.S. 185, 195 (1990)). Here, Defendant claims that USAA is a reciprocal interinsurance exchange, which is treated as an unincorporated association for the purposes of determining diversity jurisdiction. *See, e.g.*, Tuck v. United States Auto. Ass'n, 859 F.2d 842, 844 (10th Cir. 1989); R.E. Arbuthnot v. State Auto. Insurance Ass'n, 264 F.2d 260, 261 (10th Cir. 1959). In a reciprocal

3

interinsurance exchange, members undertake to insure each other by a mutual exchange of insurance contracts. "A short definition is that the members are both the insurers and the insureds." R.E. Arbuthnot, 264 F.2d at 261 n.1. As USAA explains in an affidavit attached to its motion, it is a reciprocal interinsurance exchange with members who reside in all 50 states, including Louisiana. *See* Mot. at Ex. A (Joy affidavit).

Plaintiffs contend that the Fifth Circuit has already held that USAA is a Texas citizen for jurisdictional purposes. *See,* Moore v. United Services Automobile Association, 819 F.2d 101 (5th Cir. 1987); Oss v. United Services Automobile Association, 807 F.2d 457 (5th Cir. 1987); Boardman v. United Services Automobile Association, 768 F.2d 718 (5th Cir. 1985). However, those cases were decided before Tuck, which has become the leading case in this area, and did not specifically address USAA's status as an unincorporated association. They are therefore not dispositive of the issue at hand. Thus, Plaintiffs, whose burden it is to show that USAA is not a reciprocal interinsurance exchange, have not offered any evidence that rebuts defendant's representation that it is a reciprocal interinsurance exchange. Furthermore, other sections of this Court have held that USAA is a reciprocal interinsurance exchange organized under the laws of Texas with members residing in all fifty states. *See* Ourso v. United Services Auto. Ass'n, 2007 WL 275092 (E.D. La. Jan. 25, 2007) (dismissing an action against USAA based on lack of complete diversity) (Vance, C.J.); Norton v. Gurley, 2000 WL 1408168 (E.D. La. Sept. 25, 2000) (same). Plaintiffs have not argued, and the Court does not find, any compelling reason to hold otherwise.

Accordingly, the Court finds that USAA is a reciprocal interinsurance exchange with members in Louisiana. As plaintiffs are also residents of Louisiana, complete diversity is lacking, and this Court therefore lacks subject matter jurisdiction.

III. CONCLUSION
Based on the foregoing, the Court GRANTS the motion to dismiss. Plaintiffs' suit is accordingly DISMISSED WITHOUT PREJUDICE.

Many other courts have reached the same conclusion about USAA and similar reciprocal insurance exchanges. *See, e.g.,* See, Arbuthnot v. State Auto. Ins. Asso.., 264 F.2d 260, 261-62 (10th Cir. 1959); True v. Robles, 571 F.3d 412, 422 n.2 (5th Cir. 2009). James G. Davis, Constr. Corp. v. Erie Ins. Exch., 953 F. Supp. 2d 607 (D. Maryland 2013)[2]; Mid Century Ins. Co. v . Johnson, 2013 U.S. Dist Lexis 84359 (D. Kan. 2013) "The law is well-settled in most jurisdictions, including the Tenth Circuit, that for purposes of diversity jurisdiction, the citizenship of a reciprocal insurance exchange is determined to be each state within which it has a subscriber or member. See, Arbuthnot v. State Auto. Ins. Asso., 264 F.2d 260, 261-62 (10th Cir. 1959) (rejecting argument that unincorporated reciprocal or inter-insurance exchange is a citizen of the state in which it is incorporated)." Cimino v. Sirois, No. 14-1925, 2014 U.S. Dist. LEXIS 149860, 2014 WL 5393512 (E.D. La. Oct. 22, 2014) (Berrigan, J.); Bilger v. Pereira, No. 99-3359, 2000 U.S. Dist. LEXIS 12363, 2000 WL 1182526 (E.D. La. Aug. 21, 2000) (Vance, J.); Ourso v. United Servs. Auto. Ass'n, No. 06-4354, 2007 U.S. Dist. LEXIS 5385, 2007 WL 275902, at *1 (E.D. La. Jan. 25, 2007) (Vance,

---

[2] The parties agree that Erie is an unincorporated association, and that "[a]s an unincorporated association, a reciprocal insurance exchange is considered to have the citizenship of its members for diversity purposes in federal court." True v. Robles, 571 F.3d 412, 422 n.2 (5th Cir. 2009).
. . . .

J.); *Isidore v. USAA Ins. Co.*, No. 09-1333, 2009 U.S. Dist. LEXIS 51410, 2009 WL 1564807, at *1 (E.D. La. June 2, 2009) (Engelhardt, J.); Musso v. Progressive N.W. Ins. Co., et al., No. 06-4114, 2007 U.S. Dist. LEXIS 6862, 2007 WL 325364, at *1 (E.D. La. Jan. 31, 2007) (Barbier, J.); Gilbert v. United Servs. Auto. Ass'n, No. 07-5278, 2008 U.S. Dist. LEXIS 19526, 2008 WL 696208, at *1 (E.D. La. Mar. 13, 2008) (Lemelle, J.). *See also Tuck v. United Services Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1989) (finding lack of complete diversity where some members of defendant reciprocal interinsurance exchange had same citizenship as plaintiff); Farmers Ins. Exch. v. MTD Prods., 2011 U.S. Dist. LEXIS 135257, [3] *Cimino v. Sirois*, 2014 U.S. Dist. LEXIS 149860 (E.D. La. 2014)[4] Hart v. Auto. Club Inter-Insurance Exch., 2017 U.S. Dist. LEXIS 83799 "a reciprocal inter-

---

[3] "Thus, FIE defines its members as its policy holders or insureds. This is consistent with courts that have defined the members of an insurance exchange as "both the insures and the insureds." Baer v. United Services Auto. Ass'n, 503 F.2d 393, 395 n.2 (2d Cir. 1974) (applying Texas statutory law); R.E. Arbuthnot, 264 F.2d at 261 n.1; Isidore v. USAA Ins. Co., No. Civ. A. 09-1333, 2009 U.S. Dist. LEXIS 51410, 2009 WL 1564807, at *1 (E.D. La. June 2, 2009); Ourso, 2007 U.S. Dist. LEXIS 5385, 2007 WL 275902 at *1."

[4] In addition, defendants point out that other sections have previously dismissed actions against USAA based upon lack of complete diversity because its members reside in all fifty states. Ourso v. United Servs. Auto. Ass'n, 2007 U.S. Dist. LEXIS 5385, 2007 WL 275902, *2 (E.D. La. 1/25/2007)("USAA is a reciprocal interinsurance exchange with members in Louisiana."); Norton v. Gurley, 2000 U.S. Dist. LEXIS 14414, 2000 WL 1408168 (E.D. La. 9/25/2000) ("USAA has members residing in all fifty states."); Isidore v. USAA Ins. Co., 2009 U.S. Dist. LEXIS 51410, 2009 WL 1564807 (La. E.D. 6/2/09) ("USAA is an interinsurance exchange... with members residing in all fifty states").

insurance exchange "is essentially an insurance company cooperatively owned by those it insures." Thus, such an entity "in its pure form . . . is a web of contractual relationships between subscribers who agree to insure one another . . . ." Hixon v. Fire Ins. Exch., 2013 U.S. Dist. LEXIS 32253 (D.C. Minn 2013) [5] Chubb v. USAA, 2005 LEXIS 23299 (D. NJ 2005).

---

5 "Reciprocal insurance associations bear the citizenship of each of its subscribers and do not have a fictional citizenship like corporations. See, Lewis v. United Service Auto. Assoc., No. 94-2284, 45 F.3d 433, 1994 U.S. App. LEXIS 36719, 1994 WL 717650, at *1 (8th Cir. Dec. 29, 1994) (affirming district court's decision that the plaintiff failed to show complete diversity with defendant, a reciprocal inter-insurance exchange, because defendant is a citizen of the states of each of its members); see also Girgis v. Fire Ins. Exch., No. 16 CV-12-J-222-NE, 2012 U.S. Dist. LEXIS 186746 (N.D. Ala. Mar. 19, 2012) ("As defendant [Fire Insurance Exchange] has Alabama members such as plaintiff, it is also a citizen of Alabama. Therefore, no federal diversity exists and this court must dismiss this matter for lack of subject-matter jurisdiction under Rule 12(b)(1)."); Erie Ins. Exch. v. Electrolux Home Products, Inc., No. 3:10cv615, 2011 U.S. Dist. LEXIS 77697, 2011 WL 2945814, at *1-2 (W.D.N.C. July 15, 2011) ("Courts have long [*8] recognized that reciprocal exchange insurance associations, like Erie, do not receive fictional citizenship as do corporations but, instead, bear the citizenship of each member."); Brown v. Farmers Ins. Co., No. 06-13693, 2007 U.S. Dist. LEXIS 9989, 2007 WL 496669, at *3 (E.D. Mich. 2007) (finding that Fire Insurance Exchange is a reciprocal or inter-insurance exchange and therefore its citizenship is defined by its members); Bilger v. Pereira, No. Civ. A. 99-3359, 2000 U.S. Dist. LEXIS 12363, 2000 WL 1182526, at *1 (E.D. La. 2000) (holding that Fire Insurance Exchange is an unincorporated entity having the citizenship of its subscribers and dismissing the complaint due to lack of complete diversity). The record before the Court shows that Defendant has subscribers and policyholders, including the Plaintiffs, who are residents of Minnesota. (Compl. ¶ 5; Morris Aff. ¶ 7.) Therefore, Defendant is a citizen of Minnesota and complete diversity between the Plaintiffs and the Defendant does not exist and the Court must dismiss the Plaintiffs' Complaint for lack of subject matter jurisdiction."

V. Conclusion

Based on the above, the case should be dismissed.

DATED: Honolulu, Hawaii, August 10, 2018.

                                         /s/Terrance M. Revere
                                         TERRANCE M. SMITH
                                         P. KYLE SMITH
                                         Attorneys for Defendant
                                         CARA BARBER